IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 03-0484-002 |
| | : | |
| HENRY SAUNDERS | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

  Pending before the court is a paper titled "Consolidated Judicial Notice" (ECF No. 380) and "Application for show Cause Order (ECF No. 388). For the reasons that follow, the motions will be denied.

  By a judgment entered December 14, 2004, Defendant was convicted, after a jury trial, of conspiracy to distribute and possess with intent to distribute 5 or more kilograms of cocaine (count one) and possession of a firearm in furtherance of a drug trafficking crime (count seven). He was sentenced to a total term of imprisonment of 181 months consisting of 121 months on count one and a consecutive term of 60 months on count seven, to be followed by a five-year term of post-release supervision. He appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed on May 2, 2006. His conviction became final on September 30, 2006, when the time for seeking

certiorari in the United States Supreme Court expired following the affirmance of his conviction on appeal.

On August 25, 2011, Mr. Saunders filed a paper titled "Verified Claim Through Binding Administrative Judgment by Affidavit." (ECF No. 351). The court interpreted Mr. Saunders' paper as a motion to vacate filed pursuant to 28 U.S.C. § 2255 because the subject of the paper requested immediate release and expunction of the judgment and, on October 7, 2011, asked him to inform the court whether this interpretation was correct. (ECF No. 352). He responded to the court order agreeing that ECF No. 351 was intended as a motion to vacate and on November 8, 2011, the motion to vacate was denied as untimely and the court declined to issue a certificate of appealability.

On August 21, 2013, Mr. Saunders filed a paper titled "Consolidated Judicial Notice". (ECF No. 380). After liberal interpretation one could assume that he claims, among other things, that exculpatory evidence was withheld, that the statutes cited in the indictment were exploited by the government, that Amendment 750 should have applied to this action, and that a certificate of appealability should have been issued upon the denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. He requests "That it be found as to all involved as against Saunders and the involved proceedings and

sentence that they are . . . otherwise not in accordance with law; contrary to Constitutional rights . . ."  On November 21, 2013, he filed an "Application for Show Cause Order" requesting the court show cause why Saunders should not be allotted immediate release and full restoration of liberty rights . . ." (ECF No. 388).

The court has considered whether, pursuant to *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the pending motions ought to be considered, in whole or in part, as successive Section 2255 petitions.  Because the instant motions challenge the court's previous denial of Petitioner's Section 2255, it is properly considered under Rule 60.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Fed.R.Civ. 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on any of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Motions for reconsideration are "an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Mr. Saunders' pending motions for relief under Fed. R. Civ. P. 60(b)(6) do not meet any of the grounds for reconsideration set forth in Rule 60(b).

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a petition is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct

4

in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Mr. Saunders' motions do not satisfy the above standard. The court will decline to issue a certificate of appealability. The denial of a certificate of appealability does not preclude Mr. Saunders from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Accordingly, it is this 14th day of January, 2015, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Mr. Saunders' papers titled "Consolidated Judicial Notice" (ECF No. 380) and "Application For Show Cause Order" (ECF No. 388) BE and the same hereby ARE, DENIED;

2. The court DECLINES to issue a certificate of appealability; and

3. The clerk will transmit copies of this Memorandum Opinion and Order to government counsel and directly to Mr. Saunders.

                                                      /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge