IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :

     :

     v.      :      Criminal No. DKC 03-0484-002

     :

HENRY SAUNDERS      :

     :

**MEMORANDUM OPINION AND ORDER**

On August 6, 2015, the court issued a memorandum opinion and order denying Defendant's motion for reconsideration of the Order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 782 to the United States Sentencing Guidelines. (ECF No. 446). On August 28, the court denied Defendant's second motion for reconsideration (ECF No. 449) and motion to strike the government's response to his first motion for reconsideration (ECF No. 448). The Order again advised Petitioner that he is subject to a mandatory minimum sentence on count one because of the type and quantity of narcotics involved.

Petitioner filed subsequently a motion for correcting record prior to appeal and motion for disqualification (ECF Nos. 454 and 455). The motion for correcting record prior to appeal was filed within twenty-eight (28) days after the entry of the judgment. Thus, the proper standard for analysis is Rule 59(e).

A motion filed pursuant to Federal Rule of Civil Procedure 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 411 (4th Cir. 2010). "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "A motion to reconsider is not a license to argue the merits or present new evidence [that was not previously unavailable]." *RGI, Inc. v. Unified Industries, Inc.*, 963 F.2d 658, 662 (4th Cir. 1992). To the contrary, it is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403. Mere disagreement with the underlying decision will not result in relief under Rule 59(e). See *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F.Supp.2d 407, 408 (D.Md. 2002). Mr. Saunders' motion for correcting record prior to appeal represents disagreement with the court's analysis and continued efforts to obtain

reconsideration of earlier rulings that have already been reviewed.

Petitioner's motion for disqualification alleges that fraud was perpetrated on the court when the clerk filed a notice of appeal and an associated motion to proceed *in forma pauperis* on appeal after sentencing in 2004. Petitioner also filed an "Affidavit in Fact" in further support of his motion for disqualification on December 12, 2016 (ECF No. 484).

At the end of the sentencing hearing at which it appeared that Petitioner and his then counsel were not communicating easily, the court directed the clerk to enter the notice of appeal on behalf of Petitioner pursuant to Fed.R.Crim.P. 32. Thereafter, the record on appeal shows that Petitioner, through counsel, challenged the district court's denial of a pretrial motion to suppress evidence, argued that the district court should have issued a multiple conspiracy instruction to the jury, or, in the alternative, that the court erred in denying his motions for a new trial and for a judgment of acquittal, and argued that the district court erred by sentencing him under the then-mandatory sentencing guidelines. The Fourth Circuit affirmed the district court's judgment on May 2, 2006.

Thus, the record reflects that Petitioner clearly intended to appeal, enjoyed court-appointed counsel, and pursued his

appeal with fervor. Petitioner's allegation of fraud is unsupported inasmuch as the court directed the clerk to do what she did. "A reasonable, well-informed observer could not reasonably question the court's impartiality in this matter based on the Plaintiff's allegations." *See United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998).

Accordingly, it is this 23rd day of December, 2016, by the United States District Court for the District of Maryland hereby ORDERED that:

1.   Petitioner's motion for correcting record prior to appeal, construed as a third motion for reconsideration (ECF No. 454) BE, and the same hereby IS, DENIED;

2.   Petitioner's motion for disqualification (ECF No. 455) BE, and the same hereby IS, DENIED; and

3.   The clerk IS DIRECTED to transmit a copy of this Memorandum Opinion and Order to counsel of record and directly to Mr. Saunders.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
